IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KADANT JOHNSON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:10cv577-WHA |
| | ) |
| JOSEPH V. D'AMICO; LOUISIANA | )                    (wo) |
| STEAM EQUIPMENT, LLC; UTILITY | ) |
| OPTIMIZATION GROUP, LLC; et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This court held a hearing on the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. #6) on August 31, 2010. At the conclusion of the hearing, on the basis of the motion, briefs in support and opposition to that motion, and oral argument, this court granted the Motion to Transfer Venue to the United States District Court for the Eastern District of Louisiana, and briefly outlined the reasons for the transfer. The court further entered a written Order to that effect, and stated that a written Memorandum Opinion would follow the entry of that Order. Before a Memorandum Opinion could be issued in this case, a Motion to Reconsider (Doc. #25) was filed by the Plaintiff, on the basis that on the same day that this court ordered transfer of this case to the Eastern District of Louisiana, the Eastern District of Louisiana dismissed the companion declaratory judgment action pending in that court.

### I. BACKGROUND

This case is one of two cases which were filed and which were pending at the time of this court's order of transfer, involving substantially the same, but not identical parties. The Plaintiff in this case is Kadant Johnson, a Michigan corporation which designs and supplies products for

the paper industry.  Defendant Joseph D'Amico is the President and Owner of Defendant Louisiana Steam Equipment, LLC ("Louisiana Steam") and Defendant Utility Optimization Group, LLC ("UOG") (collectively "the Defendants").  Louisiana Steam was formerly known as Louisiana Steam Equipment Company and is a Louisiana corporation.  UOG is a Mississippi corporation.

Kadant Johnson brings breach of contract claims for breaches of a Non-Disclosure, Non-Competition & Non-Solicitation Agreement ("Non-Disclosure Agreement").  The Defendants have indicated in their Motion that they will defend these claims by questioning the legal validity and enforceability of Non-Disclosure Agreement.  The Defendants' further position is that even if the Non-Disclosure Agreement had been valid and enforceable, it was extinguished by virtue of execution of a subsequent Buyout Agreement.

This case was originally filed in the Circuit Court of Autauga County, Alabama, and was removed to this court on the basis of diversity jurisdiction.  There is no question that this court has jurisdiction, and that venue is proper.

The other case pending at the time of this court's order of transfer was the first-filed of the two cases, and was pending in the Eastern District of Louisiana.  *See Joseph V. D'Amico, et al. v. Kadant Johnson*, 2:10cv1600 (E.D. La.).   In the Eastern District of Louisiana case (hereinafter "the Louisiana case"),  Joseph D'Amico, Louisiana Steam Equipment, and LSE Systems, Inc., filed a declaratory judgment action against Kadant Johnson, seeking a determination of obligations under the Non-Disclosure Agreement.  Kadant Johnson filed a motion to dismiss in the Louisiana case, and the judge presiding over that case held a hearing on July 7, 2010, but did not rule on the motion at the hearing, and in fact indicated that it would be

some time before she ruled on the motion. This court has now been advised that the motion has been ruled on, although the court was not advised of that fact before ordering transfer.[1]

The Defendants in this case seek a transfer of the case to the Eastern District of Louisiana. There is no question that this case could have been brought in that forum. The transfer is sought on the basis of convenience and in the interest of justice.

## II. STANDARD FOR MOTION TO TRANSFER VENUE

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interest of justice. "28 U.S.C. § 1404(a) places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court." *Hutchens v. Bill Heard Cheverolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993), *cert. denied*, 513 U.S. 814 (1994).

## III.  DISCUSSION

In evaluating a request for transfer of venue on the basis of convenience, courts generally consider the following factors: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and

---

[1] The Notice of Electronic Filing for the two cases indicate that the order of dismissal was entered after this court's transfer order.

the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

    The court will more fully address each of these factors, having touched briefly on them in its oral order of transfer at the conclusion of the hearing on August 31, 2010. Before addressing specific factors, however, it is significant that the parties are in agreement that this case involves issues which are precedent to the determination of the breach alleged. That is, the following issues are presented: (1) whether the restrictive covenants in the Non-Disclosure Agreement survived the execution of a Buyout Agreement or were extinguished, (2) whether the restrictive covenants in the Non-Disclosure Agreement are valid and enforceable, (3) whether there was a breach of the Non-Disclosure Agreement during events which occurred in Alabama. Although the parties dispute whether the first two issues can be decided based only on the language of the contracts at issue, there is no dispute that the first two issues must be decided before there is any need to decide whether there were breaches of the contract. Further complicating the priority of issues in this case is the fact that, in addition to the application for a preliminary injunction filed in the state court with the Verified Complaint, there is a pending Motion for Preliminary Injunction filed here after removal which seeks a determination prior to September 20, 2010. The Motions for Preliminary Injunction will require Kadant Johnson to demonstrate a substantial likelihood of success on the merits which must first involve consideration of the validity and enforceability of the Non-Disclosure Agreement alleged to have been breached. *See Haitian Refugee Center, Inc. v. Baker*, 949 F.2d 1109, 1110 (11th Cir. 1991). It is with this priority of issues in mind, that the court evaluates the convenience factors.

With respect to the factor of the convenience of the parties, the court is persuaded that both the Middle District of Alabama and the Eastern District of Louisiana are equally inconvenient for the Plaintiff, which is located in Michigan, whereas the Eastern District of Louisiana is vastly more convenient for the Defendants, which are located in that district. Numerous potential witnesses are employees of the Defendants, located in Louisiana, and it would be far less disruptive to their work to be on call there, rather than all being brought to Alabama.

The location of relevant documents and ease of access to proof does not weigh heavily in favor of either forum, as many of the documents essential at least to the first two issues raised in this case are undisputed and have already been made a part of the court file.

The availability of process to compel attendance of unwilling witnesses appears to weigh somewhat in favor of the Plaintiff on the breach claim, in the event that the two or three potential Alabama witnesses identified by the Plaintiff should prove to be unwilling, but that possibility is contingent on the Plaintiff first prevailing on the validity and enforceability issues.  On the other hand, numerous employees of the Defendants who are potential witnesses could become unwilling if they should no longer be employed at the time of trial, and they are residents of Louisiana.

Although counsel for the Defendants represented that Kadant Johnson is a larger entity, there is insufficient evidence before the court to weigh the relative means of the parties.

The forum's familiarity with the governing law is a factor which, at least initially, weighs neither in favor of nor against transfer, because the first issue, which the Defendants contend is

5

purely an issue of contract interpretation, is governed by Michigan law by agreement. The Eastern District of Louisiana is as well-equipped to apply Michigan law as is this court.

Kadant Johnson has argued that the convenience of third party witnesses is a factor which weighs heavily against transfer. There is some dispute among the parties as to whether witnesses will be required for resolution of all three issues raised in this case, although there is no dispute that, if the third issue is reached, it will require witness testimony, to some extent. Even if Kadant Johnson is correct and witnesses will be required for the resolution of the first or second issue, however, nothing before this court indicates that such witnesses are located in Alabama. Although third party witnesses from Alabama may be required for resolution of the third issue, that issue may not even be reached, if the court resolves either of the first two issues in the Defendants' favor. Considering all the potential witnesses, including third party witnesses, and the need for their testimony on all issues, far more residents of Louisiana have been identified by the Defendants than Alabama witnesses by the Plaintiff, and this factor weighs in favor of transfer.

With respect to the factor of Kadant Johnson's choice of forum, the court finds that that factor is to be afforded minimal weight in this case. Courts afford weight to the plaintiff's chosen forum even if the plaintiff does not reside in the chosen forum, unless the forum is in no way connected with the subject matter of the lawsuit. *See Patel v. Howard Johnson Franchise Systems, Inc.*, 928 F. Supp. 1099, 1101 (M.D. Ala. 1996). The connection to the chosen forum is attenuated in this case because it is implicated only if other issues are first resolved in the Plaintiff's favor. Therefore, the court does not find that significant weight is to be placed on the Plaintiff's choice of forum in this case.

As to the final factor of trial efficiency and the interests of justice, as announced in open court at the conclusion of the hearing on the Motion to Transfer, the court found this factor to weigh in favor of transfer, because another case was pending, which was filed first, and which required resolution of issues which were overlapping as to the issues in this case.  The fact that the first-filed case was dismissed the same day as this court's order transferring the case does not cause the court to reconsider its decision to transfer.  To the contrary, the factor of trial efficiency and interest of justice weighed heavily in favor of transfer at the time of the court's order of transfer, and at the present time, that factor is merely neutral as to transfer, and does not outweigh the factors in favor of transfer.

## IV.  CONCLUSION

As discussed above, the court has concluded that, on balance, the relevant factors weigh in favor of a transfer to the Eastern District of Louisiana.  The only factors to weigh against transfer are the Plaintiff's choice of forum, which has been given little weight under the circumstances in this case, and convenience of third-party witnesses, which arises only if other issues are resolved in the Plaintiff's favor and is, therefore, entitled to little weight.  Therefore, the Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), is due to be, and was by separate Order, granted on August 31, 2010, and the Motion for Reconsideration (Doc. #25) is hereby ORDERED DENIED.

Done this 1st day of September, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE